CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
March 27, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TONY RYAN MITCHELL,** | |
| Plaintiff, | Case No. 1:24CV00005 |
| v. | **OPINION AND ORDER** |
| **LELAND DUDEK, Acting Commissioner of Social Security,**[1] | JUDGE JAMES P. JONES |
| Defendant. | |

*Vernon M. Williams*, WOLFE WILLIAMS & AUSTIN, Norton, Virginia, for Plaintiff; *James A. McTigue, Special Assistant U.S. Attorney*, SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE GENERAL COUNSEL, Baltimore, Maryland, for Defendant.

In this Social Security disability insurance case, I will accept the Report and Recommendation (Report) of the magistrate judge.

The plaintiff, Tony Ryan Mitchell, challenges the final decision of the Social Security Commissioner (Commissioner) denying disability insurance benefits under the Social Security Act (Act). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C.

---

[1] Leland Dudek is currently the Acting Commissioner of Social Security. Social Security Administration, *Acting Commissioner*, https://www.ssa.gov/agency/commissioner/ (last visited Mar. 25, 2025). Mr. Dudek is automatically substituted as a party because he is the previous Commissioner's successor. Fed. R. Civ. P. 25(d).

§ 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Sargent filed her Report on February 20, 2025, in which she recommended that the court affirm the Commissioner's decision denying benefits.  Report 26, ECF No. 14.  On February 25, 2025, Mitchell filed timely Objections to the Report.  The Commissioner has filed a Response to the Objections and accordingly the Objections are ripe for decision.

I.

Mitchell applied for disability insurance benefits (DIB) on January 27, 2021.  Admin. Tr. 212, ECF No. 6-1.  He alleges disability as of April 7, 2018.  When his claims were denied initially and upon reconsideration, Mitchell requested a hearing before an administrative law judge (ALJ), at which he was represented by counsel.  *Id.* at 35.

The ALJ denied his claims by written decision dated February 22, 2023.  *Id.* at 29.  He found that Mitchell met the nondisability insured status requirements of the Act for DIB purposes through March 31, 2020; has not engaged in substantial gainful activity since his alleged date of disability; has severe impairments; and cannot perform any of his past relevant work.  However, he determined that Mitchell has a light work residual functional capacity and thus was not under a disability as defined by the Act.

2

After a hearing, the Appeals Council denied Mitchell's request for review, thereby making the ALJ's decision the final decision of the Commissioner. Mitchell then filed a Complaint in this court seeking judicial review of the Commissioner's decision.

II.

The court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b). When reviewing the decision of an ALJ under the Social Security Act, the court must ask whether there is substantial evidence supporting the ALJ's factual findings and whether the ALJ applied the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (superseded by statute on other grounds as stated in *Stroup v. Apfel*, 205 F.3d 1334 (4th Cir. 2000) (unpublished)). Substantial evidence is evidence that "a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Although "the threshold for such evidentiary sufficiency is not high," *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019), the court may not "reflexively rubber-stamp an ALJ's findings." *Arakas v. Comm'r*, 983 F.3d 83, 95 (4th Cir. 2020) (citation omitted). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." *Id*. (internal quotation marks and citations omitted).

3

If such evidence exists, then the inquiry ends, and the Commissioner's final decision must be affirmed. *Laws*, 368 F.2d at 642. Alternatively, if substantial evidence to support the Commissioner's decision is not found or the decision was not reached through application of the correct legal standard, I must vacate the decision. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

III.

Mitchell's objections are that the ALJ's decision was not based on substantial evidence because he failed to properly consider the opinion evidence given by three different healthcare providers who saw Mitchell between 2017 and 2018. This is a contention that he raised with Magistrate Judge Sargent. Report 19, ECF No. 14. However, the ALJ applied the correct legal standard and supported all of the relevant factual findings with substantial evidence.

In making a decision, the ALJ must assess each medical opinion received in evidence. A medical opinion is "a statement from a medical source about what [an applicant] can still do despite [his] impairment(s) and whether [he has] one or more impairment-related limitations or restrictions." 20 C.F.R. § 404.1513(a)(2). While they do not give any specific weight to them, the ALJ must evaluate the medical opinions for persuasiveness on the basis of supportability and consistency. 20 C.F.R. § 404.1520c(a). Supportability refers to the degree of medical evidence and supporting explanations that support the medical opinion, and consistency refers to

4

the degree that a medical opinion is consistent with other medical and nonmedical evidence in the claim. 20 C.F.R. § 404.1520c(c)(1)–(2).

First, Mitchell argues that the ALJ failed to properly consider the opinion given by Arthur Belanger, M.D. Dr. Belanger saw Mitchell multiple times, but the visit that Mitchell raises in his Objections occurred on November 7, 2017. Dr. Belanger administered a Compensation and Pension exam related to sleep apnea as part of Mitchell's application for veterans disability benefits. Mitchell argued in his brief that the ALJ failed to address Dr. Belanger's opinion stemming from that visit, in which Dr. Belanger concluded Mitchell's sleep apnea impacted his ability to work. Admin. Tr. 972, ECF No. 6-1. Magistrate Judge Sargent found that the ALJ was not required to assess the opinion because Dr. Belanger did not actually render a medical opinion, and the visit occurred before Mitchell began undergoing treatment for sleep apnea. Report 22–23, ECF No. 14.

Mitchell argues that Dr. Belanger's report was a medical opinion because it was based on more than Mitchell's subjective complaints. Obj. Report 1, ECF No. 15. These include an exam of Mitchell and a summary of Mitchell's medical history related to sleep impairments. Admin. Tr. 971–972, ECF No. 6-1. However, Dr. Belanger's report does not constitute a medical opinion. Instead, he based it on Mitchell's own subjective reports. Mitchell's medical history was almost entirely based on what Mitchell told Dr. Belanger and frequently uses descriptions like

5

"Veteran states," and "Veteran notes," reflecting the self-reported nature of the history. *Id.* at 971. The remainder of the report similarly documents Mitchell's own subjective complaints. Dr. Belanger also provided no response for the "diagnosis" section. *Id.* It would therefore not provide any substantial support to the ALJ's analysis. *Donald C. v. Saul*, 2019 WL 9056721, at *9 (W.D. Va. Aug. 19, 2019) (collecting cases).

Mitchell also argues that the ALJ failed to properly consider the opinion of Mark E. Clark. Clark is a staff physician assistant who saw Mitchell in May 2018 in relation to his lumbar spine impairment. Admin. Tr. 1156, ECF No. 6-1. Clark opined that Mitchell "would be a more favorable candidate for a sedentary form of employment." *Id.* Magistrate Judge Sargent found that, under the language of 20 CFR § 404.1513(a)(2), "Clark did not render a medical opinion because he did not opine as to Mitchell's functional abilities and limitations." Report 24, ECF No. 14. I agree. Mitchell does not contest in his Objections that Clark did not provide a medical opinion. Objs. Report 2, ECF No. 15. Instead, he argues that Clark's reference to a "sedentary form of employment" "would reasonably be inconsistent with the ALJ's limitation to light work." *Id.* He also argues that the ALJ was inconsistent, because he addressed an opinion given by a State Agency Consultant that limited Mitchell to light work. But the key issue is whether Clark's report is a

6

medical opinion, which would require the ALJ to assess it. It is not a medical opinion because it did not address Mitchell's functional abilities and limitations.

Lastly, Mitchell argues that the ALJ did not properly evaluate the report from Graham Wilde, Ph.D. Dr. Wilde produced a Compensation and Pension report following a hearing test on Mitchell in May 2018. He found that Mitchell's hearing loss impacted his daily life based on Mitchell's report that he had difficulty hearing speech in background noise. Admin. Tr. 1146, ECF No. 6-1. Again, Judge Sargent found that it was not a medical opinion. Report 25, ECF No. 14. I agree for the same reasons as Dr. Belanger's report. However, the ALJ went on to restrict Mitchell's residual functional capacity to no exposure to excessively loud noises due to his PTSD. And while the ALJ did not explicitly address Mitchell's hearing loss, he did state that "all other impairments aside from those enumerated above are non-severe or not medically determinable." Admin. Tr. 20, ECF No. 6-1. The ALJ's conclusion that Mitchell's hearing loss is not severe is supported by substantial evidence, because the only evidence in the record for treatment or evaluation of Mitchell's hearing loss is Dr. Wilde's examination. This is a point that Judge Sargent made, Report 25, ECF No. 14, and Mitchell does not identify any other evidence in his Objections.

After reviewing the ALJ's analysis of Mitchell's residual functional capacity, I find that substantial evidence supports his determination. He evaluated the medical

7

opinion evidence on the basis of supportability and consistency when required. The ALJ's decision met the standard that "a reasoning mind would accept as sufficient." *Laws*, 368 F.2d at 642.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's Objections, ECF No. 15, are DENIED; and

2. The magistrate judge's Report and Recommendation, ECF No. 14, is fully ACCEPTED.

A separate final judgment will be entered herewith.

ENTER: March 27, 2025

/s/ JAMES P. JONES
Senior United States District Judge